**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **RAPHAEL MENDEZ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HONORABLE STACEY E. PLASKETT, VIRGIN ISLANDS FEDERAL CONGRESSWOMAN; CLETIS CLENDINEN, VIRGIN ISLANDS CONSTITUTENT REPRESENTATIVE; and UNKNOWN VIRGIN ISLANDS LEGISLATIVE DIRECTOR;**<br><br>**Defendants.** | **Civil No. 16-26** |

**APPEARANCES:**

**Raphael Mendez**
*Pro se*.

**MEMORANDUM OPINION**

**GÓMEZ, J.**

Before the Court are Raphael Mendez's petition for a writ of mandamus against Cletis Clendinen, Stacey E. Plaskett, and the Virgin Islands Legislative Director; motion for *en banc* review by the Third Circuit; and motion for an extension of time to appeal a dismissal. Also before the Court is the report and recommendation of the Magistrate Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

In 1990, Raphael Mendez ("Mendez") was indicted in this Court for assault with a deadly weapon and other offenses. The

Court sent Mendez to the Federal Correctional Institution in Butner, North Carolina ("FCI Butner") for a competency evaluation.

The officials at FCI Butner concluded that Mendez was not competent to stand trial. Thereafter, the United States moved, pursuant to 18 U.S.C. § 4246, to indefinitely commit Mendez to the custody of the Attorney General. The United States District Court for the Eastern District of North Carolina granted the United States's motion. The charges against Mendez were dismissed.

In May, 2015, Mendez wrote a letter to Stacey Plaskett, Delegate for the United States Virgin Islands to the United States House of Representatives.

Mendez alleges that in August, 2015, a member of Plaskett's staff, Cletis Clendinen ("Clendinen"), responded to Mendez's letter. [1] In that reply, written on letterhead from Delegate Plaskett's office, Clendinen sought to clarify the issues raised by Mendez. Clendinen also provided Mendez with a Privacy Act release form (the "release form") and requested that Mendez complete and return that form.

Mendez completed and returned the release form. Mendez also requested that the respondents in this matter certify certain

---

[1] Clendinen's signature line indicates that he is based in St. Thomas.

documents pursuant to 28 U.S.C. § 1739.[2] The respondents did not certify the documents as Mendez requested.

On March 7, 2016, Mendez filed the instant petition for mandamus. In his petition, Mendez seeks to compel the respondents to keep him:

> inform[ed] of whatever they obtain from . . . [the release form] that . . . [he] signed for them under the belief that they are investigating a "FALSE IMPRISONMENT", by a 4246 commitment made without federal Jurisdiction . . . [He] also want[s] the RESPONDENTS, to make all . . . [his] document[s] or papers official under 28 USC 1739 . . . .

---

[2] Title 28, Section 1739 provides that:

> All nonjudicial records or books kept in any public office of any State, Territory, or Possession of the United States, or copies thereof, shall be proved or admitted in any court or office in any other State, Territory, or Possession by the attestation of the custodian of such records or books, and the seal of his office annexed, if there be a seal, together with a certificate of a judge of a court of record of the county, parish, or district in which such office may be kept, or of the Governor, or secretary of state, the chancellor or keeper of the great seal, of the State, Territory, or Possession that the said attestation is in due form and by the proper officers.
>
> If the certificate is given by a judge, it shall be further authenticated by the clerk or prothonotary of the court, who shall certify, under his hand and the seal of his office, that such judge is duly commissioned and qualified; or, if given by such Governor, secretary, chancellor, or keeper of the great seal, it shall be under the great seal of the State, Territory, or Possession in which it is made.
>
> Such records or books, or copies thereof, so authenticated, shall have the same full faith and credit in every court and office within the United States and its Territories and Possessions as they have by law or usage in the courts or offices of the State, Territory, or Possession from which they are taken.

28 U.S.C. § 1739.

ECF No. 1, at 9.

On June 14, 2016, Mendez sent a letter to the "Chief Judge of the United States District Court" for the St. Thomas and St. John Division. ECF No. 6. In that letter, Mendez indicated that he had filed an "interlocutory appeal" with the United States Court of Appeals for the Third Circuit because the clerk or deputy clerk for this Court was refusing to accept his pre-paid phone calls regarding this case.[3]

On June 29, 2018, the Third Circuit denied Mendez's petition for mandamus in which Mendez asserted that officials from this Court would not accept his telephone calls. ECF Nos. 9-10. On July 11, 2016, Mendez filed a petition in this Court seeking *en banc* review from the Third Circuit. ECF No. 11.

On November 2, 2016, Mendez telephoned the Court. A member of the clerk's office informed Mendez that the Third Circuit had ruled on his petition in June, 2016. [4]

On November 10, 2016, Mendez filed a motion seeking an extension of time to appeal the dismissal of his March 7, 2016, petition. ECF No. 12. On the same day, Mendez also filed a

[3] Although his filing lacks clarity, it also appears that Mendez seeks for the Chief Judge to certify notice of his interlocutory appeal.

[4] It appears that after speaking with the clerk, Mendez erroneously believed that the mandamus petition filed in this Court--rather than the mandamus petition filed with the Third Circuit--had been dismissed.

motion seeking to "restore" a June 1, 2016, order dismissing this case. ECF No. 13.

On May 4, 2018, the Magistrate Judge filed a report and recommendation in this matter that addressed Mendez's various filings. Mendez filed objections to the report and recommendation.[5]

## II. DISCUSSION

It is axiomatic that "federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977). A federal court may address a question of subject-matter jurisdiction *sua sponte. See Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990).

[5] Although his objections were untimely, Mendez indicated that he did not receive the report and recommendation until more than fourteen days after the report and recommendation was issued. On that basis, he sought additional time to file his objections.

## III. ANALYSIS

Mendez's petition seeks a writ of mandamus pursuant to 28 U.S.C. § 1361 ("Section 1361"). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Significantly, the phrase "officer or employee of the United States or any agency thereof" has been construed to extend only to members of the executive branch of the United States government. See Liberation *News Serv. v. Eastland*, 426 F.2d 1379, 1384–85 (2d Cir. 1970) (finding that § 1361 does not provide for jurisdiction over actions involving members of the legislative branch because they are not part of the executive branch).

Here, Mendez asks the Court to issue writs of mandamus to Delegate Plaskett. The delegate represents the United States Virgin Islands in the United States House of Representatives.[6] Significantly, neither the delegate nor her staff are officers or employees of the executive branch of the United States. *See id.*; 48 U.S.C.A. § 1711 (West). As such, this Court lacks subject-matter jurisdiction over Mendez's petition and must

---

[6] *See Ballentine v. United States*, No. 1999-130, 2006 U.S. Dist. LEXIS 96631, at *7 (D.V.I. Sep. 21, 2006).

dismiss it. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Mendez also seeks an *en banc* review of the June 29, 2018, decision rendered by the Third Circuit. A district court is without authority to review an appellate court's decision. *See Eutectic Corp. v. Metco, Inc.*, 597 F.2d 32, 33 (2d Cir. 1979) ("The court of appeals' rulings are the law of the case, and the district court is bound to follow them; it has no jurisdiction to review or alter them). Similarly, a district court is without authority to command an appellate court to conduct a review of an appellate court decision. *See Eutectic Corp.*, 597 F.2d at 33.[7]

Mendez also seeks an extension of time to file an appeal.[8] There are circumstances when a district court can grant an extension of time to file an appeal. *See Hamer v. Neighborhood Hous. Servs. of Chicago,* 138 S. Ct. 13, 21, (2017) (holding that the thirty-day limit prescribed in the Federal Rules of Appellate Procedure can be extended by district courts). In this

[7] To the extent Mendez intended to send this appeal to the Third Circuit, the Court, out of an abundance of caution, will order the Clerk of Court to forward Mendez's appeal, docketed at ECF No. 11, to the Clerk's Office for the Third Circuit.

[8] Mendez claims he is "making a motion for extension of time to appeal unknown dismissal never given in writing." ECF No. 10. Mendez claims that on November 3, 2016 he was told his "case No. 3:16-26 got dismissed" in June or July, 2016. To the extent that Mendez refers to *Mendez v. Plaskett, et al.*, Civil No. 16-26, that case is yet to be decided.

case, however, Mendez seeks an extension of time to appeal a case which remains pending.

Because the Court will dismiss Mendez's petition for lack of subject matter jurisdiction the report and recommendation is moot.

An appropriate Judgment follows.

**S_______________________**
**Curtis V. Gómez**
**District Judge**